IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FANNIE GARRETT,**

    **Plaintiff,**

**v.**                                            **Civil Action No. 1:13-cv-131**

**AEGIS COMMUNICATIONS GROUP, LLC,**
**a Delaware limited liability company,**

    **Defendant.**

## ORDER/OPINION

This matter is before the Court pursuant to Plaintiff Fannie Garrett's ("Garrett") "Motion to Compel Discovery Propounded to Defendant Aegis Communication Group LLC," filed on April 21, 2014. (Docket No. 53.) Defendant Aegis Communications Group, LLC ("Aegis") filed a response on May 8, 2014. (Docket No. 57.) Garrett filed a reply on May 15, 2014. (Docket No. 59.) This matter was referred to the undersigned by United States District Judge Irene M. Keeley on June 26, 2014. (Docket No. 65.)

### I. Relevant Procedural History

On May 1, 2013, Garrett filed a Complaint in this Court against Aegis, alleging that Aegis violated the Americans with Disabilities Act ("ADA") and the West Virginia Human Rights Act ("WVHRA"). (Docket No. 1 at 4-5.) Garrett also alleged that Aegis committed the torts of both intentional and negligent infliction of emotional distress. (Id. at 5-6.) Aegis filed its Answer on October 7, 2013. (Docket No. 15.) That same day, Aegis filed a "Motion for Summary Judgment Pursuant to Rule 4(m) and Rule 12(b)(4)&(5) or, In the Alternative, Partial Motion to Dismiss for Failure to State a Claim." (Docket No. 16.) Garrett filed a response to that motion on October 21,

2013. (Docket No. 25.) On November 22, 2013, Judge Keeley entered an Order directing Garrett to serve Aegis by December 9, 2013 or face dismissal pursuant to Fed. R. Civ. P. 4(m) and denying as moot Aegis' motion. (Docket No. 36.) As set forth in that Order, discovery in ths matter is to be completed by September 30, 2014. (Id.) Having failed in "good faith negotiations," Garrett filed the instant motion to compel.

## II. Disputed Discovery Requests

On January 8, 2014, Garrett served her First Combined Discovery Requests to Aegis. (Docket No. 43.) Garrett asks that the Court compel Aegis to respond fully to the following requests:

> **INTERROGATORY NO. 13:** Provide previous claims and/or charges, including informal complaints, for ADA discrimination filed by current or former employees of AEGIS Communications Group, LLC for the years 2004 to the present.
>
> **OBJECTION AND ANSWER:** Aegis objects to this interrogatory on the ground that the reference to "claims and/or charges, including informal complaints," is vague. Aegis further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, insofar as it is not limited to Aegis's West Virginia facility, is not limited to the types of claims at issue in this case (*i.e.*, disability discrimination claims brought pursuant to the ADA and/or the WVHRA), and is not sufficiently limited in time. Without waiving the foregoing objections, Aegis affirmatively states that, aside from the Plaintiff's lawsuit, for the period from 2010 (*i.e.*, the most recent year during which the Plaintiff was hired by Aegis and during which she resigned from her employment with Aegis), there have been no other lawsuits brought against Aegis by an employee at its West Virginia facility who is claiming disability discrimination in violation of the ADA or the WVHRA.

(Docket No. 53 at 2; Docket No. 57-1 at 4.)

> **INTERROGATORY NO. 16:** Are you aware of any documents, graphs, maps, photographs, charts, diagrams or physical evidence which in any way may be relevant or material to this case which you do not intend to introduce into evidence? If so, please describe the item and the name and address of the person who has custody thereof.

2

> **OBJECTION AND ANSWER:** Aegis objects to this interrogatory to the extent that it seeks attorney work product in the form of mental impressions regarding documents and materials perceived as "relevant or material to this case." Without waiving the foregoing objection, Aegis states that it has not yet determined the documents and materials that it intends to introduce into evidence at trial; thus, relevancy and materiality aside, Aegis has not yet determined the documents and materials, relative to this case, that it does not intend to introduce into evidence.

(Docket No. 53 at 4; Docket No. 57-1 at 16.)

In her motion, Garrett also asserts that Aegis failed to provide her with an adequate privilege log because the log provided does not show "who prepared the withheld documents or who they were prepared for." (Docket No. 53 at 5.) Garrett also argues the log provided "fails to show any protected communication." (Id.) In its response, Aegis stated that the log provided was adequate, but also attached a "supplemental privilege log, which further clarifies the protected nature of the documents identified therein." (Docket No. 57 at 9 n.4; Docket No. 57-3.) In her reply, Garrett asserts that the supplemental privilege log provided by Aegis "appears to adequately address [her] concerns over the description of the document and the privilege asserted." (Docket No. 59 at 3.) Based upon Garrett's assertion in her reply, the undersigned deems her objection regarding the privilege log to be withdrawn and has not considered the same below.

### III.   Contentions

Garrett contends that the Court should compel responses to the discovery requests cited above for the following reasons:

1. As to Interrogatory No. 6, requesting information from 2004 to the present is not overly broad or unduly burdensome; and

2. Interrogatory No. 16 does not request work product and Aegis's response is evasive.

(Docket No. 53 at 3-5.)

Aegis argues that the Court should deny Garrett's motion to compel because:

1. Garrett's motion relative to information regarding other ADA claims/charges from 2004 to the present, without limitation to Aegis's West Virginia facility, should be denied; and

2. Garrett's motion relative to the production of physical evidence that Aegis deems relevant but does not intend to introduce into evidence at trial should be denied.

(Docket No. 57 at 5-8.)

In her reply, Garrett contends:

1. The issue of prior ADA claims against Aegis is highly relevant in the current case; and

2. Her request for physical evidence which Aegis does not intend to introduce at trial does not seek information on protected mental impressions.

(Docket No. 59 at 1-2.)

## IV. Discussion

### A. *Standards*

Fed. R. Civ. P. 26(b)(1) provides:

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The scope and conduct of discovery . . . are within the sound discretion of the district court." Erdmann v. Preferred Research, Inc., 852 F.2d 788, 792 (4th Cir. 1988). When a motion to compel is filed, the party opposing the motion bears the burden of showing why it should not be granted. See Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 247 (N.D. W. Va. 1970).

B.   *Interrogatory No. 13*

In her motion, Garrett asserts that the information requested in Interrogatory No. 13 "is calculated to lead to discoverable information as prior claims would show the Defendant had notice of the requirements for ADA compliance and could relate to the failure of your client to properly train human resource staff regarding ADA compliance as well as a myriad of other relevant reasonably calculated matters." (Docket No. 53 at 4.) Garrett also claims the requested information "would also show notice of ineffective ADA compliance procedures or protocols." (Id.) Aegis counters that Garrett has not alleged that the purported discriminatory conduct at issue in this matter was part of a pattern or practice of discrimination at Aegis. (Docket No. 57 at 5.)

In her Complaint, Garrett raises claims that Aegis failed to provide her reasonable accommodations as required by both the ADA and the WVHRA. To state a claim for a failure to accommodate under the ADA, a plaintiff must demonstrate sufficient facts to permit a reasonable inference that "(1) he had a disability; (2) the defendant had notice of the disability; (3) he could perform the essential functions of his job with a reasonable accommodation; and (4) the defendant refused to make such an accommodation." Mobley v. Advance Stores Co., 842 F. Supp. 2d 886, 889 (E.D. Va. 2012) (citing Rhoads v. FDIC, 257 F.3d 373, 387 n.11 (4th Cir. 2001)). Likewise, to state a claim for failure to accommodate under the WVHRA, the plaintiff must demonstrate:

> (1) The plaintiff is a qualified person with a disability; (2) the employer was aware of the disability; (3) the plaintiff required an accommodation in order to perform the essential functions of a job; (4) a reasonable accommodation existed that met the plaintiff's needs; (5) the employer knew or should have known of the plaintiff's need and of the accommodation; and (6) the employer failed to provide the accommodation.

Kitchen v. Summers Continuous Care Center, LLC, 552 F. Supp. 2d 589, 593 (S.D. W. Va. 2008)

(quoting Syl. pt. 2, Skaggs v. Elk Run Coal Co., 198 W. Va. 51, 479 S.E.2d 561 (1996)). Given these, the undersigned finds that the information requested in Interrogatory No. 13 will not reasonably lead to the discovery of admissible evidence that Garrett can rely on to prove her claims that Aegis failed to accommodate her.

Nevertheless, Garrett also requests punitive damages for Aegis's alleged violations of the ADA and WVHRA. To recover punitive damages under the ADA, a plaintiff must show that the defendant "engaged in a discriminatory practice . . . with malice or with reckless indifference to the federally protected rights of [the plaintiff]." 42 U.S.C. § 1981a(b)(1). Under the theory of reckless indifference, the plaintiff must show (1) that the individual in charge of decision making for the defendant discriminated in the face of a perceived risk that the decision would violate federal law; (2) that the individual in charge of decision making was a principal or served the employer in a managerial capacity; (3) that the individual in charge of decision making acted within the scope of employment when making the challenged decision; and (4) that the employer failed to engage in good-faith efforts to comply with the law. See EEOC v. Fed. Express Corp., 513 F.3d 360, 372 (4th Cir. 2008).

The WVHRA does not expressly provide for the recovery of punitive damages; however, the West Virginia Supreme Court of Appeals has construed the provision allowing the award of "any other legal or equitable relief" as providing for punitive damages. See Syl. pt. 5, Haynes v. Rhone-Poulenc, Inc., 521 S.E.2d 331, 332 (W. Va. 1999). The West Virginia Supreme Court of Appeals has held that, generally, punitive damages are appropriate when a defendant acted "maliciously, oppressively, wantonly, willfully, recklessly, or with criminal indifference to civil obligations." Id. at 348 (quoting Alkire v. First Nat. Bank of Parsons, 475 S.E.2d 122, 129 (W. Va. 1996)).

6

Accordingly, it appears to the undersigned that the standard for allowing punitive damages under the WVHRA is substantially similar to that under the ADA.

The undersigned finds that the information requested in Interrogatory No. 13 is relevant to Garrett's claims for punitive damages under both the ADA and the WVHRA. Such information is relevant to whether Aegis failed to "engage in good-fath efforts to comply with the law." EEOC, 513 F.3d at 372. However, the undersigned agrees with Aegis that the request as currently worded is not sufficiently limited in temporal and geographic scope. In their response, counsel for Aegis represent that they previously suggested to Garrett's counsel that the time period for the request be limited to the five (5) years prior to the filing of the instant action and that the geographic scope be limited to West Virginia. The undersigned finds these limitations to be reasonable. Accordingly, Interrogatory No. 13 shall be modified as follows:

> **INTERROGATORY NO. 13:** Provide previous claims and/or charges, including informal complaints, for ADA discrimination filed by current or former employees of Aegis Communications Group, LLC's West Virginia facility for the period of time from May 1, 2008 until May 1, 2013.

With this modification, the undersigned directs Aegis to provide a complete and adequate response to Garrett.

C.  *Interrogatory No. 16*

In her motion, Garrett asserts that Aegis' response to this interrogatory does not specifically state why Aegis considers the information sought to be protected under the theory of work product privilege. (Docket No. 53 at 4.) Garrett also classifies Aegis' response that it "has not yet determined the documents and materials that it intends to introduce into evidence at trial" as an evasive response that must be treated as a failure to respond. (Id. at 4-5.) According to Garrett,

Aegis has had "ample time [sic] review the relevant documents and provide the requested information, as [she] gave [it] multiple extensions to the original deadline to respond to her discovery requests." (Id. at 5.) In response, Aegis asserts that this request is "inherently improper, as it seeks mental impressions regarding documents and materials that [it] believes to be relevant for purposes of this case." (Docket No. 57 at 7.) Aegis further states that the request "inherently and prematurely seeks a determination regarding trial evidence." (Id. at 8.)

>Fed. R. Civ. P. 26(b)(3)(A) states:
>
>*Documents and Tangible Things*. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

As the Fourth Circuit has summarized:

>In short, to resolve whether Rule 26(b)(3) grants immunity from discovery, the district court must determine, from an examination of the documents or their circumstances, whether they were generated in anticipation of litigation or for trial. If so and if the documents embody opinions and theories about the litigation, discovery is refused without further inquiry. If opinions and theories about the litigation are only part of a document otherwise discoverable, the court may require production of a redacted copy. With regard to *other* documents falling within the scope of Rule 26(b)(3), the court must determine whether the requesting party has a substantial need for them, taking into account their relevance and importance and the availability of the facts from other sources.

Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., 967 F.2d 980, 985 (4th Cir. 1992) (hereinafter "Nat'l Union").

In her reply, Garrett asserts that in this interrogatory, she "asks only that any physical items related to ADA discrimination which Defendant will not introduce at trial be identified." (Docket

8

No. 59 at 2.) To the extent that Interrogatory No. 16 seeks documents that "embody opinions and theories about the litigation," the undersigned finds that such discovery must be refused based upon work product privilege. See Nat'l Union, 967 F.2d at 985. Furthermore, to the extent Garrett seeks "physical items related to ADA discrimination which Defendant will not introduce at trial," the undersigned finds that, assuming that they are discoverable under Fed. R. Civ. P. 26(a)(1), Garrett has not demonstrated that she has "substantial need for the materials to prepare [her] case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Indeed, the "immunity for this class of document is little more than an 'anti-freeloader' rule designed to prohibit one adverse party from riding to court on the enterprise of the other." Nat'l Union, 967 F.2d at 985.

In sum, the undersigned finds that it was proper for Aegis to object to Interrogatory No. 16 as propounded by Garrett. Furthermore, since Aegis has not yet identified the documents and materials it intends to introduce at trial, it cannot reasonably identify those it does not intend to introduce at trial. Cf. Fisher v. Baltimore Life Ins. Co., 235 F.R.D. 617, 630 (N.D. W. Va. 2006) (Seibert, Mag. J.) (denying motion to compel as to request that plaintiff produce "copies of all exhibits which you intend to introduce into evidence at the trial"). Accordingly, the undersigned will deny Garrett's motion to compel as to Interrogatory No. 16.

## V. Decision and Order

For the foregoing reasons, Garrett's "Motion to Compel Discovery Propounded to Defendant Aegis Communication Group LLC" (Docket No. 53) is **GRANTED IN PART AND DENIED IN PART**. Aegis shall serve adequate and complete responses to the following modified interrogatory within thirty (30) calendar days following entry of this Order/Opinion:

9

**INTERROGATORY NO. 13:** Provide previous claims and/or charges, including informal complaints, for ADA discrimination filed by current or former employees of Aegis Communications Group, LLC's West Virginia facility for the period of time from May 1, 2008 until May 1, 2013.

It is so **ORDERED**.

The Clerk is directed to remove Docket No. 53 from the docket of motions actively pending before the Court.

The Clerk is further directed to provide copies of this Order/Opinion to all counsel of record.

DATED: June 29, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE