IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FANNIE GARRETT,**

        **Plaintiff,**

    **v.**                    //    CIVIL ACTION NO. 1:13-CV-131
                                                (Judge Keeley)

**AEGIS COMMUNITY GROUP, LLC,**
a Delaware limited liability corporation,

        **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND [DKT. NO. 44], AND
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO. 38]**

    Pending before the Court is the motion for leave to amend filed by the plaintiff, Fannie Garrett ("Garrett") (dkt. no. 44), and the partial motion to dismiss filed by the defendant, Aegis Community Group, LLC ("Aegis") (dkt. no. 38). For the reasons that follow, the Court **GRANTS** Garrett's motion for leave to amend and **GRANTS** Aegis's partial motion to dismiss.

### II. FACTUAL AND PROCEDURAL BACKGROUND[1]

    Garrett was hired by Aegis on August 2, 2010, as a customer service representative at its Bridgeport, West Virginia office. Shortly thereafter, Garrett began complaining of difficulty reading

---

[1]The material facts in this case are largely undisputed and the Court has considered all inferences to be drawn from the facts in the light most favorable to the plaintiff. Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 574, 574 (1986).

**GARRETT v. AEGIS**　　　　　　　　　　　　　　　　　　　　　　　**1:13CV131**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND [DKT. NO. 44], AND
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO 38]**

her computer screen as a result of a vision impairment.[2] On September 3, 2010, Aegis provided Garrett with a larger computer monitor, which Garrett found to be inadequate. Garrett then requested a new computer monitor from Linda Bittle ("Bittle"), the Human Resources Representative at Aegis. Bittle denied Garrett's request on September 16, 2009, and Garrett voluntarily resigned from her position with Aegis that same day.

Garrett subsequently initiated this action on May 1, 2013, pursuant to the Americans with Disabilities Act ("ADA") and the West Virginia Human Rights Act ("WVHRA"). Her complaint alleges that Aegis violated the ADA and the WVHRA, and negligently and intentionally inflicted emotional distress on her by denying her request for an accommodation for her impaired vision.

On December 12, 2013, Aegis filed a partial motion to dismiss Garrett's negligent and intentional infliction of emotional distress claims. (Dkt. No. 44). Garrett then moved to amend her complaint on January 8, 2014, to which she attached a proposed amended complaint. (Dkt. No. 38). Both motions are now fully briefed and ripe for review.

---

[2]Garrett alleges that she suffers from diabetes and, as a result, has diminished eyesight.

2

**GARRETT v. AEGIS**                                                    **1:13CV131**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND [DKT. NO. 44], AND
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO 38]**

## II. LEGAL STANDARDS

**A.    Motions to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party seeks leave to amend a complaint, "leave shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987).  Motions to amend are to be liberally granted in the absence of a declared reason "such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party, futility of amendment, etc." Foman, 371 U.S. at 182.

With respect to amended complaints, "[t]he general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect.  Thus, if an amended complaint omits claims raised in the original complaint, the plaintiff has waived those omitted claims." Young v. City of Mount Ranier, 238 F.3d 567, 574 (4th Cir. 2001).

**B. Motions to Dismiss**

To survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations

3

**GARRETT v. AEGIS**                                                     **1:13CV131**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND [DKT. NO. 44], AND
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO 38]**

sufficient to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 557 (2007). "The plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully. It requires the plaintiff to articulate facts, when adopted as true, that show that the plaintiff has stated a claim entitling him to relief, i.e., the plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice (Iqbal, 556 U.S. at 678), the Court must consider all well-pled factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, 591 F.3d 250, 253 (4th Cir. 2009).

Although the Court must accept factual allegations in a complaint as true, this "tenet . . . is inapplicable to legal conclusions." Id. Thus, a complaint may be dismissed when the facts alleged clearly demonstrate that the plaintiff has not stated a claim and is not entitled to relief. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 344-45

**GARRETT v. AEGIS**                                                    **1:13CV131**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND [DKT. NO. 44], AND
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO 38]**

(3d ed. 2007). "Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### III. ANALYSIS

#### A. Garrett's Motion For Leave to Amend

Garrett seeks leave to amend her complaint in order to cure defective pleadings, add newly-discovered facts, and withdraw her negligent infliction of emotional distress claim. The Court finds no prejudice to Aegis by allowing the amendment; the nature of Garrett's claims and her underlying theories have not changed, and discovery has not yet closed. Thus, in the interest of affording Garrett a full and fair opportunity to litigate her claims, and in light of the generous standard favoring amendments, the Court grants Garrett's motion for leave to amend her complaint.[3]

---

[3] The amended complaint supersedes the original complaint and any bases of recovery not re-alleged in the amended complaint are waived. Young v. City of Mount Ranier, 238 F.3d 567, 574 (4th Cir. 2001).

**GARRETT v. AEGIS**                                                  **1:13CV131**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND [DKT. NO. 44], AND
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO 38]**

**B. Aegis's Partial Motion to Dismiss**[4]

In its partial motion to dismiss, Aegis contends that Garrett has failed to establish a claim for intentional infliction of emotional distress.[5] Garrett's response is that her intentional infliction of emotional distress claim is sufficiently plead. Aegis presents the more persuasive argument.

Garrett's amended complaint alleges that Aegis's failure to afford her reasonable accommodations based on her disability caused her "severe and significant emotional distress." (Dkt. No. 44-1). To maintain an intentional infliction of emotional distress claim, Garrett must establish that (1) the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain

---

[4]The Court need not require Aegis to file a new motion to dismiss "simply because an amended pleading was introduced while [its] motion was pending." 6 CHARLES A WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2013). Because the "defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." Id. Accordingly, the Court extends Aegis's motion to dismiss to Garrett's amended complaint.

[5]It is unnecessary to address Aegis's arguments related to Garrett's negligent infliction of emotional distress claim, as Garrett withdrew this claim when she amended her complaint.

**GARRETT v. AEGIS**                                              **1:13CV131**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND [DKT. NO. 44], AND
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO 38]**

or substantially certain emotional distress would result from his conduct; (3) the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it. Syl. pt. 2, Philyaw v. Eastern Associated Coal Corp., 633 S.E.2d 8 (W. Va. 2006) (quoting Syl. pt. 3, Travis v. Alcon Labs, Inc., 504 S.E.2d 419 (W. Va. 1998)).

Pursuant to the first element, requiring a showing that Aegis's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency, "the defendant's actions 'must be more than unreasonable, unkind or unfair; it must truly offend community notions of acceptable conduct.'" Travis, 504 S.E.2d at 425 (quoting Grandchamp v. United Airlines, Inc., 854 F.2d 381, 383 (10th Cir. 1988)).

Garrett has not alleged facts indicating that Aegis's behavior was atrocious, intolerable, extreme, or outrageous. Rather, her allegations are based solely on the fact that Aegis failed to sufficiently accommodate her requests for a larger computer monitor. Such behavior does not rise to the level of being so "atrocious, intolerable, or outrageous" that "it would cause the kind of emotional upheaval that no reasonable person could be

**GARRETT v. AEGIS**                                              1:13CV131

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND [DKT. NO. 44], AND
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO 38]**

expected to endure." See Brown v. City of Fairmont, 221 W.Va. 541, 655 S.E.2d 563 (2007).

Furthermore, Garrett has not alleged facts indicating that Aegis acted "with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from [Aegis'] conduct." Travis v. Alcon Labs Inc., 202 W. Va. 369, 375 504 S.E.2d 419 (1998). In fact, from the facts alleged, it appears that Aegis attempted to accommodate Garrett by providing her with a larger computer monitor. Consequently, Garrett has failed to adequately establish a claim for intentional infliction of emotional distress.

## IV. CONCLUSION

For the reasons discussed, the Court:

1) **GRANTS** Garrett's motion for leave to amend (dkt. no. 44);

2) **DIRECTS** the Clerk to file Garrett's amended complaint (dkt. no. 44-1);

3) **GRANTS** Aegis's partial motion to dismiss (dkt. no. 38); and

4) **DISMISSES WITH PREJUDICE** Garrett's claim against Aegis for intentional infliction of emotional distress.

GARRETT v. AEGIS                                                1:13CV131

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND [DKT. NO. 44], AND
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO 38]**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: July 21, 2014

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE